## THE STATE versus MELDON SOMERVILLE.

In an indictment for larceny, proof that the person alleged to have been the owner had a special property in the thing, or that he had it to do some act upon it, or for the purpose of conveyance, or in trust for the benefit of another, would be sufficient to support that allegation in the indictment.

The legal possession of goods stolen continues in the owner, and every moment's continuance of the trespass and felony amounts in legal consideration to a new caption and asportation. And therefore it was held, that if goods were stolen before the Revised Statutes took effect, and were retained in the possession of the thief until after they came into operation, he might be indicted and punished under those statutes.

A bill of exceptions from the District Court, under the provisions of the statute, cannot present legally to this Court, or call upon it to decide upon any other matter, than the opinion, direction or judgment of the District Court. Any errors or irregularities in the proceedings, or errors of the jury, are not and cannot be legally presented, except through some opinion, direction or judgment of the District Court upon them, and on a matter not submitted to its discretion.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

Somerville was indicted at the March Term, 1842, for feloniously taking sundry books on the eighth day of December, 1841, alleged to be " of the goods, chattels, books and property of one Zabdiel Hyde, then and there in the possession of one William Hyde." A witness was introduced to prove the property to be in Z. Hyde. The counsel for Somerville re-

quested the Judge to instruct the jury that the evidence was insufficient to establish the allegation of property in Z. Hyde, and that such allegation was material, to be made out by competent evidence, to maintain the indictment. The Judge instructed the jury, that the testimony of the witness, if believed, was sufficient to sustain the allegation of property in Z. Hyde, and entitled the government to a verdict of guilty, if the jury were further satisfied that the prisoner had feloniously taken the books from the possession of William Hyde.

William Hyde testified that he lost several volumes of the books in the months of April, June and July, 1841, and most of the remainder after August 1, 1841, and that all were found in the possession of the defendant on Dec. 8, 1841. The counsel for Somerville requested the Judge to instruct the jury, that it was not competent for the jury to find the prisoner guilty under the present indictment, of offences proved to have been committed prior to the operation of the Revised Statutes, and that the jury must acquit the defendant of so much of the allegations as relate to the books thus proved to have been taken by the defendant, if taken at all by him, prior to the said period of the operation of the Revised Statutes under which the indictment has been found. The Judge ruled, that it was immaterial for the jury to take notice of so much of the testimony as related to the time when the books were taken by the defendant, if satisfied that they were taken prior to the eighth of December, the time alleged in the indictment; that if the jury were satisfied that the books were taken prior to the operation of the Revised Statutes, and he continued to retain the property after those statutes took effect, the jury were bound to consider the offence as continued, and committed under the Revised Statutes, and punishable under their provisions.

And to the foregoing rulings and directions of the Court, the defendant excepts, as being against the weight of evidence and against law, and here in Court and before sentence passed, prays that the said exceptions may be allowed, and that said verdict may be set aside as erroneous and unjust. And said defendant also alleges against and excepts to said verdict as

being against law and against evidence, and without evidence, and against the instructions of the Court, in that the Court instructed the jury, that there was not sufficient evidence of the allegations of said indictment as relates to sundry of said books and chattels enumerated therein, to wit, of a book entitled "*Arnold's Physic*," and of two volumes of Hilliard's Elements of Law, and of one volume entitled Temperance Reader, there being no evidence of the defendant's having feloniously taken the same from Zabdiel Hyde, or that the same were the property of said Zabdiel, but the evidence being that they were not said Zabdiel's property, but the property of other persons. The witness, William Hyde, further testified, that the books described in the indictment were, at the time of the taking, worth at wholesale price, over one hundred and twenty-seven dollars, and that Arnott's Physics, misnamed in the indictment "Arnold's Physic," the Temperance Reader, and two volumes of Hilliard's Elements of Law, named in the indictment, were all, as it appeared by testimony, of less than fifteen dollars in value. In relation to said last named volumes, the Court instructed the jury, that in estimating the value of the books enumerated in the indictment, they were to return an answer, whether the same, exclusive of said last named volumes, exceeded in value one hundred dollars or not, and without attempting to say how much the same either exceeded or fell short of one hundred dollars. The jury returned a general verdict of guilty against the defendant, and returned for answer, that the said books exceeded the value of one hundred dollars, without specifying whether they did or did not include in said estimate said volumes of which there was no proof as aforesaid.

*F. O. J. Smith*, for Somerville, contended that he had the right to show, that the evidence was not sufficient to prove that the property alleged to have been stolen was the property of Zabdiel Hyde. Unless this point is made out in proof, the indictment fails. He insisted that this was to be determined, as if it were a question between the creditors of William Hyde and Zabdiel Hyde, and not as a question between W. & Z.

Hyde. The testimony shows that the property is but nominally that of Z. Hyde, and is subject to be taken by the creditors of W. Hyde.

This indictment was after the Revised Statutes took effect, and it cannot be supported by proof of a larceny committed before that time. An offence committed under one law cannot be punished under another law. The offence was completed under the old law, and no law made afterwards can alter the punishment.

As to a part of the books alleged in the indictment to have been stolen, there was no evidence whatever to prove that they were taken from Hyde, or were ever his property, and the Court instructed the jury, that so far as it respected those books, there was no evidence to support the indictment. And yet a general verdict was returned, which was finding the defendant guilty of the whole charge. A new trial should be granted for this cause. 2 Strange, 999; 1 Wils. 329; 17 Mass. R. 534; 5 Burr. 2621; 5 Dane, 230; 13 Pick. 543; 2 Wheat. 221.

There is a different punishment where the value of the property stolen exceeds one hundred dollars, from that where it falls below that sum. In this case the verdict does not state, that the books in relation to which there was no proof were not taken into consideration in estimating the value.

*Bridges,* Attorney General, for the State, moved for leave to enter a *nol. pros.* as to the books not proved to have been stolen, and cited *Commonwealth* v. *Tuck,* 20 Pick. 356.

Whether the evidence was or was not sufficient to support the indictment was a question solely for the determination of the jury, and was not for the decision of the Court as matter of law. Here was no question as to fraud upon creditors, nor is it for the State to try out questions of that character to convict criminals. It was necessary to allege the ownership of the property to be in Zabdiel Hyde, or William Hyde, and as between them, it clearly belonged to the former. 2 Russell, 159. Where the verdict is right, and justice has been done by it, the

Court will not set it aside. *Kelly* v. *Merrill,* 14 Maine R. 228; *Emerson* v. *Cogswell,* 16 Maine R. 77.

The property stolen was found in Somerville's possession long after the Revised Statutes took effect. Every moment the property stolen remains in the possession of the thief, he may be charged with having stolen it.

There is a saving clause as to the punishment of all offences committed before the repeal, and he may be convicted under either statute. It is not necessary to refer to any particular statute, but only to the statute generally, as it was done here. *Commonwealth* v. *Griffin,* 21 Pick. 523.

This is but the common case of failing to prove every article named in the indictment, to have been stolen. This is not necessary. 2 Campb. 585; 21 Pick. 523.

The Judge directed the jury to exclude the books not proved to have been stolen from Hyde from the calculation of value, and they are to be presumed to have followed his direction unless the contrary appears.

*S. Fessenden,* for Somerville, replied.

The opinion of the Court was afterwards drawn up by

SHEPLEY J. — The first question presented is, whether the proof of property was sufficient. It is contended, that the testimony discloses an arrangement by which Zabdiel Hyde should be the ostensible owner and should hold the property for the benefit of William Hyde. If the purchases were made in the name of the former and held avowedly for the benefit of the latter, a trespasser could not be permitted to impugn the arrangement or question its propriety. Proof that the person alleged to be the owner had a special property, or that he held it to do some act upon it, or for the purpose of conveyance, or in trust for the benefit of another, would be sufficient to support the allegation in the indictment. 2 East's P. C. 654; *Wymer's case,* 4 C. & P. 391; *Rex* v. *Boulton,* 5 C. & P. 537.

The second question for consideration is, whether the prisoner can be considered as committing the crime since the Revised Statutes took effect, in respect to those articles which he

had stolen before, and retained in his possession since that time. The doctrine of the common law is, that the legal possession of goods stolen continues in the owner, and every moment's continuance of the trespass and felony amounts in legal consideration to a new caption and asportation. It is upon this principle, that a person stealing goods in one county and carrying them into other counties is considered as guilty of the crime, and may be indicted and convicted in any county, where he has carried them. 1 Hale, 507 ; Hawk. b. 1, c. 33, § 52 ; 2 East's P. C. 771. And this rule has been applied, when the goods have been altered in their character before carried from one county to another. But in such a case the indictment should describe the goods in their altered and not in their original state. 2 Russ. 174. This rule of the common law determines, that the prisoner was guilty of theft at all times, while he retained the possession of the stolen goods, as well before as since the revision of the statutes. The person in such cases is not considered as guilty of more than one offence, and an acquittal or conviction in one county or at one period would be a bar in other counties and at other periods.

The third question relates to the finding of a general verdict of guilty, under instructions that there was not sufficient evidence of property as alleged, to enable the jury to find the prisoner guilty of stealing certain books named. By the Revised Statutes, it is provided, that " any person convicted of an offence in the District Court, may allege exceptions to any opinion, direction or judgment of said Court." In this case the Court does not appear to have passed any judgment, and the instructions on this point were favorable to the prisoner. The bill of exceptions states, that " to the foregoing rulings and directions of the Court the defendant excepts as being against the weight of evidence and against law, and here, in Court, and before sentence passed, prays that the said exceptions may be allowed and that said verdict may be set aside as erroneous and unjust. And said defendant also alleges against and excepts to said verdict as being against law and against evidence, and without evidence and against the instructions of

the Court." It does not appear, however, that any motion was made in the District Court to set aside the verdict for any of these causes, or that the Court expressed any opinion respecting the finding of the jury. A bill of exceptions under the provisions of the statute, cannot present legally to this Court, or call upon it to decide upon any other matter than the opinion, direction, or judgment of the District Court. Any irregularities in the proceedings, or errors of the jury, are not and cannot be legally presented, except through some opinion, direction or judgment of the District Court upon them and on a matter not submitted to its discretion. Whether the prisoner should be entitled to a new trial for any error committed by the jury, or whether such error, if any, may not be cured by entering a *nolle prosequi*, as has been proposed by the Attorney General, are questions not legally presented to the consideration of this Court.

*Exceptions overruled and case remanded*
*to the District Court.*