[No. 20282.    In Bank. — May 31, 1887.]

THE PEOPLE, RESPONDENT, v. THOMAS WATSON, APPELLANT.

LARCENY — INFORMATION — ALLEGATION OF OWNERSHIP. — In a prosecution for larceny, an information which alleges that the thing stolen was the property of a certain woman is sufficient to sustain a conviction, although at the time of the larceny the alleged owner was a married woman, and the article stolen was bought with the money of her husband.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. T. Rogers*, for Appellant.

*Attorney-General Johnson*, for Respondent.

TEMPLE, J.—The defendant was convicted of grand larceny of a purse. The information charges larceny from the person of one Lizzie Golden, and that the property taken was the personal property of Lizzie Golden.

On the trial, the defendant asked the court to instruct the jury that if they find the said Lizzie Golden at the time of the larceny was a married woman, and that the purse was bought with the money of her husband, they should acquit the defendant. The court not only refused the instruction, but gave instructions of an exactly opposite effect.

Section 956, Penal Code, seems to settle this appeal:—

"When an offense involves the commission of, or the attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

In this case, there can be no question whatever as to the sufficiency of the description to identify the act.

The order and judgment are affirmed.

McFARLAND, J., McKINSTRY, J., PATERSON, J., SHARP-STEIN, J., THORNTON, J., and SEARLS, C. J., concurred.