[No. 20526. In Bank. — August 24, 1889.]

THE PEOPLE, RESPONDENT, *v.* THOMAS ANDERSON
ET AL., APPELLANTS.

CRIMINAL LAW — ROBBERY — VARIANCE AS TO OWNERSHIP OF PROPERTY —
CONFLICT OF EVIDENCE. — Where there is a conflict of evidence as to
the ownership of the property which is the subject of an alleged robbery,
and there is some evidence to prove the ownership as alleged, a finding
of guilty as charged is within the province of the jury, and it is proper
for the court to refuse to instruct them to acquit the defendant upon the
ground of variance. It is sufficient to sustain the charge of robbery if
the property feloniously and forcibly taken from the person of another
belonged to any person other than the defendants; and an erroneous alle-
gation as to the ownership of the property is immaterial, under section
956 of the Penal Code, if the offense is otherwise described with sufficient
certainty to identify the act of robbery.

ID. — IMMATERIALITY OF OWNERSHIP — IDENTITY OF ROBBERY. — The felo-
nious taking of personal property by the defendants from the person of
another, or from his immediate presence and against his will, by means
of force or fear, is robbery, if the property belonged to any person other
than the defendants; and an erroneous allegation as to the ownership of
the property is immaterial, under section 656 of the Penal Code, where
the conviction is for the robbery, the identity of the act of robbery being
the same, no matter upon whom the injury involved in the larceny which
was included in the robbery might fall.

APPEAL from a judgment of the Superior Court of
San Bernardino County, and from an order denying a
new trial.

The facts are stated in the opinion.

*W. A. J. McDonald,* for Appellants.

The ownership of the property as alleged was essential
to the identity of the offense charged. (1 Greenl. Ev.,
sec. 65; *Commonwealth* v. *Ray,* 3 Gray, 441; *Common-
wealth* v. *Magowan,* 1 Met. 368; 71 Am. Dec. 480; *Murphy*
v. *State,* 6 Tex. App. 554; *Brower* v. *State,* 60 Ill. 344.)
Robbery includes larceny, and every fact constituting
the larceny must be alleged, including name of owner.
(*People* v. *Jones,* 53 Cal. 58; *People* v. *Hughes,* 41 Cal. 234,
and cases cited.)

*Attorney-General Johnson,* for Respondent.

The robbery was sufficiently identified, no matter who owned the pistol. (Pen. Code, sec. 211; *People* v. *Vice,* 21 Cal. 344; *People* v. *Shuler,* 28 Cal. 490; *People* v. *Edwards,* 59 Cal. 359; *People* v. *Watson,* 72 Cal. 402; *People* v. *Bitancourt,* 74 Cal. 188.)

Foote, C.—The defendants appeal from a judgment of conviction of the crime of robbery, and from an order denying them a new trial.

It is alleged that the court below erred in not granting their request that the jury be instructed to acquit them because of the variance between the allegations of the information and the proof at the trial.

The variance is claimed to consist in this: That while the information charges that a certain pistol taken from him feloniously and through force by the defendants was the personal property of one Kiesele, yet the evidence shows it to have been the property of one Voight. It is true that Kiesele swore, as a witness, that the pistol was his property, and Voight, that it belonged to him, but this was a mere conflict in testimony as to the ownership of the property. It was the province of the jury, and not of the court, to settle such conflict, and the refusal of the court to interfere with the determination of the issue by the jury was proper.

The further contention is made that error was committed in granting this instruction for the prosecution: "The court further instructs the jury that in order to find the defendants guilty in the manner and form as charged in the information, it is not necessary that the property alleged to have been taken was the personal property of G. Kiesele; it is sufficient if the property belongs to a person other than the defendants."

There was no question from the testimony but that the pistol was in the possession of Kiesele when violently taken by the defendants. The evidence throughout dis-

closed the fact that no robbery as charged could have taken place, unless it was a taking of that pistol violently and feloniously from him.   The act of robbery charged against the defendants in the information was the same, whether the pistol was the property of Kiesele or of Voight.   The point seems to be determined by the provisions of section 956 of the Penal Code: "When an offense involves the commission of a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material." (*People* v. *Watson*, 72 Cal. 402.)

The felonious taking of the pistol in the possession of Kiesele from his person or immediate presence and against his will, accomplished by means of force or fear, was robbery, whether the pistol was his property or that of another.   (Pen. Code, sec. 211; *People* v. *Vice*, 21 Cal. 346.)

The identity of the act of robbery was the same, whether the injury inflicted by the felonious taking involved in the larceny of the property, included in the robbery, would come upon Kiesele or Voight.

The argument that the larceny involved in the crime charged is proved to have had relation to personal property belonging to a person other than as alleged in the information is without force.   The identity of the crime charged in the information is not affected by this circumstance, for it only goes to the question of the erroneous allegation as to the person upon whom injury was inflicted by the larceny of the pistol included in the robbery, and this is cured by the provisions of the statute *supra*.

No error appearing in the record, we advise that the judgment and order be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.—For the reason given in the foregoing opinion, the judgment and order are affirmed.