EDSON *v.* THE STATE.

[No. 18,084.    Filed September 14, 1897.]

CRIMINAL LAW.— *Larceny.— Indictment.— Description of Articles Stolen.*—Failure to sufficiently describe part of the articles alleged to have been stolen will not render an indictment bad where addi-

tional articles sufficient to constitute a public offense, if those questioned were omitted, were properly charged in such indictment.

SAME.—*Evidence.—Larceny.*—A charge of theft in stealing several articles is not defeated if the proof show the stealing of but few of such articles.

SAME.—*Larceny.—Ownership of Property.—Proof.—Variance.—Statute Construed.*—Where an indictment charges the stealing of the property of V, and the evidence shows that it was in his possession as bailee, there is no variance or failure of proof, under the provision of section 1822, Burns' R. S. 1894 (1753, R. S. 1881), that when any offense is committed in relation to property which, when the offense was committed, was in the possession of a bailee, the indictment may allege the ownership to be in either the bailee or bailor.

From the Knox Circuit Court. *Affirmed.*

*James P. L. Weems,* for appellant.

*W. A. Ketcham,* Attorney-General, and *Merrill Moores,* for State.

HACKNEY, J.—The appellant was charged and convicted in the lower court of having unlawfully and feloniously stolen, taken and carried away "six razors, of the value of ten dollars; two finger rings, of the value of three dollars, one pair of hair clippers, of the value of two dollars, and one pair of scissors, of the value of one dollar,"—of the personal goods of John Vincent. It is insisted that the indictment charged no public offense for the reason that the razors and the rings were not described and valued separately; it being insufficient, as claimed, to describe them collectively. This objection to the indictment wholly ignores the fact that additional articles, charged and valued separately, may be sufficient, in charging a public offense, if those questioned were omitted.

A charge of theft in stealing many articles is not defeated if the proof show the stealing of but few of such articles. Wharton's Crim. Ev., section 132; *Wiley* v. *State,* 3 Cold. (Tenn.), 362; *Alderson* v. *State,* 2 Tex. App. 10; *State* v. *Nipper,* 95 N. Car. 653.

The reason supporting this rule of evidence would uphold an indictment insufficiently describing one of several stolen articles.   It has, however, been decided by this court that an indictment is not bad if one of several alleged stolen articles is not sufficiently described.   *Shafer* v. *State*, 74 Ind. 90.   We do not hold the descriptions mentioned to be insufficient, but do hold that if they were, the indictment would not be bad on motion in arrest of judgment for failure to state a public offense.   Upon the principle already stated, and the authorities cited, the appellant's objection that there was no proof of the larceny of all the articles charged must fail.

It is further urged that a ring, traced to the appellant's possession, was proven to have been the property of the infant daughter of John Vincent, and that there was therefore a variance between the charge and the proof, as to the ring.

The evidence, without contradiction, proved that the ring was in the custody of John Vincent as a bailee and, under the statute, section 1822, Burns' R. S. 1894 (1753, R. S. 1881), there was no variance or failure of proof.   The evidence for the State was sufficient to sustain the conviction, and we cannot consider the conflict in the evidence raised by testimony for the defense in contradiction of that for the State.

The record discloses no error and the judgment is affirmed.