[No. 2419.]

WOLFF ET AL. V. THE CITY OF DENVER AND ELDER AS COUNTY TREASURER.

| 20  | 135 |
|-----|-----|
| 33S | 84  |

1. **Cities and Towns—Sewer Districts—Legislative Power.**

A city council, in establishing a sewer district, exercises a legislative power for police purposes, having its origin in the taxing power.

2. **Same—Taxes and Taxation—Public Improvements.**

The legislature may confer power of special assessment upon municipalities empowering them to determine what property, as regards its location with respect to local improvements, shall be assessed.

3. **Same.**

The constitution and laws of Colorado have intrusted to the judgment and discretion of city councils the determination of the boundaries of sewer districts, and the courts cannot review the judgment and discretion of the council in fixing such boundaries.

*Appeal from the District Court of Arapahoe County.*

Messrs. THOMAS & THOMAS, for appellants.

Mr. H. M. ORAHOOD, Mr. H. L. RITTER, Mr. N. B. BACHTELL and Mr. H. A. LINDSLEY, city and district attorney, for appellees.

GUNTER, J.

The council of the city of Highlands established a sewer district and provided for the construction of a sewer therein. This was laid and the cost thereof apportioned among the lots of the district according to frontage on the sewer, except the cost at street intersections, which was assessed against the city.

Plaintiffs owned certain lots within this district, and having failed to pay the sewer assessment thereon the lots were advertised by the county treasurer for sale. This action, brought to restrain the sale was, at the conclusion of the evidence, dismissed by the trial court. From the judgment consequent the case is here.

1.    It is contended that the cost of construction of the sewer was not equally apportioned among the lots benefited thereby. Parcels of land lying without the sewer district abutting on the parts of certain streets in which the sections of the sewer are laid, and which, therefore, abut on sections of the sewer, and which it is practicable to connect with the sewer, it is said should have been included in the district because such inclusion would not have increased the aggregate cost of the sewer and yet by increasing the number of lots within the district subject to assessment would have reduced the assessment against the respective lots.

It is not contended that there is any evidence tending to show that the confines of the district were fixed so as to exclude the parcels mentioned therefrom with any wrongful purpose on the part of the city council. The gist of the contention of appellants is that the city council committed an error of

judgment in so defining the sewer district, and that for this reason we should annul its action creating the sewer district and the sewer assessments consequent.

Why the council so defined the district does not appear. For aught that appears the excluded parcels may be within other districts, or it may be the intention of the council to later place them in other districts; but however this may be, the case is simply this: we are asked to annul *an ordinance* of the city council for the sole reason that it committed an error of judgment. The city council in establishing the sewer district was exercising a legislative power for police purposes, such power being conferred upon it by the constitution and the statutes of this state.— (Colo. Const. art. 10, sec. 7) Mills' Ann. Stats., Vol. 1, p. 313, sec. 442; Mills' Ann. Stats., Vol. 2, p. 2276 (subdiv. 10), sec. 4403; *City of Denver v. Capelli,* 4 Colo. 25, 27; *City of Pueblo v. Robinson,* 12 Colo. 593; *City of Denver v. Knowles,* 17 Colo. 204; *Lewis v. Water Works Co.,* 19 Colo. 236; *Tebbetts v. People,* 31 Colo. 461, 468.

The legislative branch of the city government in establishing this sewer district and determining its boundaries was exercising a legislative power having its origin in the taxing power.

"It is a general principle in the governmental system of this country that the judicial department has no direct control over the legislative department. Each department of the state government is independent within its appropriate sphere. * * * A municipal ordinance, passed in pursuance of valid authority emanating from the state legislature, has the same force and effect within proper limits, as if passed by the legislature itself. * * * Municipal corporations are instrumentalities of the state for the more convenient administration of local affairs, and

for that purpose are invested with certain legislative powers."—*Lewis v. Water Works Company, supra; Tebbetts v. People, supra.*

"As a general rule, it is within the discretion of the legislature to determine what property, as regards its location with respect to local improvement, shall be assessed."—Am. and Eng. Ency. of Law (2d ed.), Vol. 25, p. 1189; *Lent v. Tillson,* 72 Cal. 402, 427; *Adams v. Shelbyville,* 154 Ind. 467, 77 Am. St. Rep. 484.

The legislature may confer the power of special assessment upon municipalities empowering them to determine what property as regards its location with respect to local improvements shall be assessed.— Am. and Eng. Ency. of Law, Vol. 25, p. 1189; Dillon on Municipal Corporations, Vol. 2, §§ 752, 761, 809.

The constitution and laws of this state have entrusted to the judgment and discretion of the council of the city of Highlands the question of determining the boundaries of the sewer district complained of. It exercised such discretion in defining the district. The only error complained of is one of judgment in fixing such boundaries; we cannot in such case review its action.

2.   It is said the notice of sale under which the treasurer was proceeding to sell is defective in not properly describing the property and in not mentioning the year for which the taxes are supposed to be due.

As the time noticed for the sale has long since passed, and as the alleged defects in the old notice, if there be defects, can be readily overcome in the event of a re-advertisement, the question of the correctness of the old notice is no longer of practical importance. We think, however, that the property was sufficiently described in the notice and that the

years for which the taxes are supposed to be due are sufficiently stated.

The judgment below should be affirmed.

*Affirmed.*