## THE STATE OF INDIANA *v*. TILLETT.

[No. 21,525.   Filed November 4, 1909.]

1. APPEAL.—*Criminal Law.—Instructions.—When Considered in Absence of Evidence.*—Where an instruction, in a criminal case, purports to state the law applicable to the facts which the judge says are shown by the evidence, it is not necessary, in order to determine the correctness of such instruction, for the evidence to be brought into the record.   p. 134.
2. INDICTMENT AND INFORMATION. — *Larceny.—Ownership.—Custody.—Evidence.*—An indictment for larceny may describe the

property stolen (1) as that of the real owner, or of the person in possession, (2) as the property of one in possession as bailee, agent, trustee, executor or administrator, or such bailee, agent, trustee, executor or administrator may be charged as the owner, without mention of any trust capacity, and proof of possession is sufficient proof of ownership. p. 135.

3. TRIAL.—*Directing Verdict.—Larceny.—Ownership of Goods.— Trusts.*—An instruction in a prosecution for larceny, that there being no evidence that James Lowe is the owner of the property, but that he does own it and has possession as executor of his testator's estate, the jury should return a verdict for defendant, is erroneous, the charge being that James Lowe was the owner. p. 136.

From White Circuit Court; *James P. Wason,* Judge.

Prosecution by The State of Indiana against Elmer Tillett. From a judgment for defendant, the State appeals. *Appeal sustained.*

*James Bingham,* Attorney-General, *Wesley Taylor,* Prosecuting Attorney, *A. G. Cavins, E. M. White* and *William H. Thompson,* for the State.

*A. W. Reynolds, A. K. Sills* and *A. K. Sills, Jr.,* for appellee.

MONKS, J.—Appellee was tried in the court below on a charge of larceny, and the jury, by direction of the court, returned a verdict of not guilty. It is insisted by the Attorney-General that the court below erred in giving an instruction which reads as follows: "Gentlemen of the jury, there being no evidence in this cause that James Lowe is the owner of this property, but does own it and has possession of it as executor of the estate of Jacob Schneckenberger, it is my duty to instruct you to return a verdict of not guilty. I have directed such a form to be prepared."

It is insisted by appellee that no question is presented as to the correctness of said instruction, because the evidence is not in the record. This instruction, however, attempts to state the law applicable to the facts, which the court says are shown by the evidence. It is not

1.

necessary in such a case that we have the evidence before us or that we determine what facts are shown by the evidence. It is well settled: (1) That it is proper in a prosecution for larceny to describe the property as that of the real owner, or of the person in possession. (2) It may be alleged to be the property of one who is in possession as bailee, agent, trustee, executor or administrator. (3) Such bailee, agent, trustee, executor or administrator may be alleged to be the owner thereof by name, without describing his trust character, that is, the property may be described as his individually. (4) Evidence of possession is sufficient proof of ownership under such an allegation. 1 Wharton, Crim. Law (10th ed.), §950; 2 Bishop, Crim. Proc. (4th ed.), §725; 2 Wharton, Crim. Law (7th ed.), §§1824, 1825, 1830; Clark & Marshall, Crimes (2d ed.), p. 442; 1 McClain, Crim. Law, §§546, 603; Gillett, Crim. Law (2d ed.), §536; 22 Cyc., 462-464; *Cole* v. *Commonwealth* (1848), 5 Gratt. (Va.) 696; *United States* v. *Barlow* (1802), Fed. Cas. No. 14,521; *State* v. *Heaton* (1883), 23 W. Va. 773, 781; *Walker* v. *State* (1895), 111 Ala. 29, 32, 20 South. 612; *State* v. *Somerville* (1842), 21 Me. 14, 38 Am. Dec. 248; *Adams* v. *State* (1883), 45 N. J. L. 448; *State* v. *Hardison* (1876), 75 N. C. 203; *State* v. *Stanley* (1878), 48 Iowa 221; *People* v. *Nelson* (1880), 56 Cal. 77, 82; *Edson* v. *State* (1897), 148 Ind. 283. It is said in 1 Wharton, Crim. Law (10th ed.), §950: "Goods of a deceased person must be averred, until distribution, to be the property of the executor or administrator by name; though it is not necessary to insert the words executor of A., deceased. An executor or administrator has, *per se*, such a special property as will permit the goods to be described as his individually." The court said in the case of *People* v. *Nelson, supra,* at page 82: " 'Proof that the person alleged to be the owner had a special property, or that he held it to do some act upon it, or for the purpose of carriage, or in trust for the benefit of an-

other, would be sufficient to support the allegation in the indictment.' *State* v. *Sommerville* [1842], 21 Me. 14, 18.''

In this case the property was described as the property of James Lowe, and the court directed a verdict of not guilty, because the evidence showed that he did not

3. own it, but had possession of it as executor of the estate of Jacob Schneckenberger. The instruction was erroneous, for the reason that, under the authorities before cited, proof of possession by said Lowe as executor of said estate was sufficient proof of ownership in said Lowe as charged in the affidavit.

The appeal is therefore sustained.