## LUCAS v. STATE OF INDIANA.

[No. 23,499. Filed December 19, 1918.]

1. LARCENY. — Ownership. — Proof. — Larceny is an offense against the right of private property, and ordinarily proof of possession or control in the party from whom the property is taken will sustain an allegation of ownership. p. 711.

2. CRIMINAL LAW. — Appeal. — Harmless Error. — Variance. — Though there is a variance between the charge and the proof, §2063 Burns 1914, §1754 R. S. 1881, requires that the defect be such as would tend to prejudice the substantial rights of the defendant upon the merits, before there could be a reversal of a judgment of conviction. p. 711.

3. LARCENY.—Ownership of Property.—Possession.—A married woman in possession of poultry which both she and her husband testified belonged to her, had such a qualified possession as to sustain a charge of ownership in a prosecution for larceny, nothwithstanding that legally the property belonged to the husband. p. 712.

From Sullivan Circuit Court; William H. Bridwell, Judge.

Prosecution by the State of Indiana against Isora Lucas. From a judgment of conviction, the defendant appeals. Affirmed.

Charles D. Hunt and Gilbert W. Gambill, for appellant.

Ele Stansbury, Attorney-General, and Dale F. Stansbury, for the state.

MYERS, J.—Appellant, in the court below, by an affidavit was charged with the crime of petit larceny as defined by §2270 Burns 1914, Acts 1907 p. 86. Plea of not guilty, trial by jury, and verdict of guilty. The

only error assigned is the overruling of the motion for a new trial. In support of this motion appellant insists that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law; also, that the court erred in refusing to give the jury certain instructions tendered by her. These specifications all go to the question of variance between the statement in the affidavit as to the ownership of the property taken, and the proof or evidence to support it.

The affidavit charges that the property—five chickens —of the value of four dollars, feloniously taken and carried away, was the personal property, goods, and chattels of Amanda Engle. Relative to the question for decision, the evidence shows in substance that Amanda Engle at the time of making the affidavit, and for about fourteen years immediately prior thereto, was the wife of James A. Engle. At the time of the alleged theft they lived together as husband and wife on a two-acre tract of land, owned by the husband, in Curry township, Sullivan county. The business of the husband was working in a mine, away from home, except as he assisted the other members of his family in cultivating a garden. His wife remained at home and, along with her household work, she had the control and charge of the poultry almost exclusively, treating it as her own and it was so considered by the husband. The wife testified that the chickens belonged to her, and the husband testified that they belonged to his wife. The poultry thus raised by the wife, whether sold or not, went to the general support of the family.

Under this state of the evidence it is claimed that the chickens in question were acquired and kept under such circumstances that by force of the common law of this state the title and ownership of the stolen property was in James A. Engle; hence, a fatal variance between the charge and the proof. In this connection our attention

is called to the case of *Kedey* v. *Petty* (1899), 153 Ind. 179, 54 N. E. 798. That was a suit by the creditors of the husband to vacate as fraudulent a certain decree rendered in favor of the wife, and to set aside a conveyance by the husband to the wife on the ground that it was fraudulently executed for the purpose of hindering and delaying the creditors of the husband in the collection of their debts. The creditors were successful in the trial court, and this court, in affirming that judgment, said: "We are of opinion, therefore, that the money appellant let her husband have (referring to money, the proceeds of butter, eggs and produce), as arising from the family produce, was money received by her while in the service of her husband and family and belonged to her husband, and furnished no consideration for the notes and mortgages or the quitclaim deed involved in this suit." Upon an examination of that case it will be seen that the decision turned upon the question of ownership of the money furnished the husband by the wife.

If the case under consideration was one requiring strict proof of title in Amanda Engle, then the case to which we have just referred would be strongly 1. in appellant's favor. But such proof is not necessary in the case at bar to sustain a conviction. Larceny is an offense against the right of private property (*Beasley* v. *State* [1894], 138 Ind. 552, 559, 38 N. E. 35, 46 Am. St. 418), and ordinarily proof of possession or control in the party from whom the property is taken will sustain an allegation of ownership (*State* v. *Tillett* [1909], 173 Ind. 133. 89 N. E. 589, 140 Am. St. 246, 20 Ann. Cas. 1262).

Our Criminal Code provides that no judgment or other proceedings shall be stayed, arrested, or in any manner affected by any "defect or imperfection 2. which does not tend to the prejudice of the sub-

stantial rights of the defendant upon the merits" §2063, cl. 10, Burns 1914, Acts 1905 p. 584, 625.   This statutory provision is in point, and under it, even though there be a variance, the court is required to go farther and say that it was such a defect in the proof as would tend to the prejudice of the substantial rights of the defendant upon the merits.   This cannot be said; and, if not, then the supposed variance was immaterial, and the statute forbids that one convicted of larceny be permitted to escape through technical and delicate questions as to the title of the article stolen.   If it be conceded under the evidence in this case that the general title of the stolen property was in the husband,

3.   it must also be conceded that the wife at least had a qualified possession, which must be regarded as sufficient to sustain the statement of ownership in the affidavit.   *State* v. *Petre* (1871), 35 N. J. Law 64; *Payne* v. *State* (1903), 140 Ala. 148, 37 South. 74; *Commonwealth* v. *McLaughlin* (1869), 103 Mass. 435; *People* v. *Watson* (1887), 72 Cal. 402, 14 Pac. 97; *Kidd* v. *State* (1897), 101 Ga. 528, 28 S. E. 990; *Thomas* v. *State* (1906), 125 Ga. 286, 54 S. E. 182; 17 R. C. L. 67, §72.   Judgment affirmed.

NOTE.—Reported in 121 N. E. 274.   Larceny:  right of possession by person from whom property is stolen as affecting crime, 13 Ann. Cas. 495; necessity of proof of ownership, 88 Am. St. 595.   See under (1, 3) 25 Cyc 125.