### DONNELLY v. STATE OF INDIANA.

[No. 24,271. Filed January 15, 1924.]

1. LARCENY.— *Ownership of Property.— Evidence.*— Evidence that accused while on the special police force of the N. & M. company had a key which opened all the padlocked gates of the company, that he went with a witness to a plant belonging to the company at a little distance from the main plant, where the company stored its property, and took tires from such plant, at three different times, is sufficient to sustain the charge that he took tires, the property of the N. & M. company. p. 139.

2. LARCENY.—*Ownership of Property.—Evidence.*—It is a reasonable inference that tires stolen from a warehouse in the possession of, and used by a company to store its goods, are the property of the company. p. 139.

Donnelly *v.* State—194 Ind. 136.

3. CRIMINAL LAW.—*Trial.—Objections to Evidence.—Timeliness.* —An objection because of a variance in the description of property stolen must be taken at the time the evidence is offered. p. 139.

4. LARCENY.—*Indictment.—Variance.*—In a prosecution for larceny of tires from a warehouse, variance between the indictment and proof of theft other than those described held not of such character as to mislead the defense or expose the defendant to the peril of being put twice in jeopardy for the same offense. p. 139.

From Marion Criminal Court (53,855); *Frank S. Roby*, Special Judge.

Patrick Leroy Donnelly was convicted of grand larceny, and he appeals. *Affirmed.*

*William N. Harding* and *Joseph T. Markey*, for the appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was convicted of grand larceny. The indictment charged that he stole fourteen automobile tires of the value of $560, the property of Nordyke and Marmon Company, a corporation. A motion for a new trial for the alleged reason that the verdict was not sustained by sufficient evidence was overruled, and that ruling is assigned as error, the particular point urged by counsel being that the alleged ownership was part of the description of the property alleged to have been stolen, and that there was no evidence that Nordyke and Marmon Company owned the property proved to have been stolen. There was evidence that a witness had a conversation with appellant "relative to some tires that belonged to Nordyke and Marmon Company, a corporation," in which a statement made by another party was read to the effect that he and appellant went to the Waverly Plant on South East

street, at night, that appellant had a key with which they entered and took five tires, and took them away, that they afterward went there twice more in ten days, each time at night, and took nine more tires, and that they sold eight of the tires and appellant received part of the money, and that appellant said that the statement made by the other man was true; that appellant signed a statement in writing of substantially the same facts; that one of the tires was recovered from appellant's house and others from different places named; that the assistant-treasurer of Nordyke and Marmon Company was called over to police headquarters and talked with appellant; that the watchman at the Waverly Plant was brought to police headquarters and questioned, and a few days after appellant's arrest he was "let out of the employ of Nordyke and Marmon;" that appellant had been employed by Nordyke and Marmon Company for nearly two years, as a member of their special police force, assigned to the main office, but had left the employ of said company about three months before his arrest; that he said he had a gate key which was turned in by some watchman, and that he kept it when he "left the plant," and it was used to get into the Waverly plant; that as an employe he never had any right to a master key; that the Waverly Plant was in the possession of the Nordyke and Marmon Company, and they stored their property there; that its gates were fastened with padlocks, and the key appellant had was a key to the gate system that would open any of their gate padlocks; and that a representative of the Nordyke and Marmon Company receipted for the tires at police headquarters, and took them away with him. It is not claimed that this evidence falls short of proving that appellant stole the fourteen tires, as alleged, and it seems clear that they were stolen out of a warehouse of Nordyke and Marmon Company.

But counsel for appellant insist that it fails to prove, beyond ·a reasonable doubt, that the stolen tires were the property of that company, as they were described in the indictment. We think counsel are mistaken. Proof of possession is sufficient proof of ownership to withstand such a motion as this. *Smith* v. *State* (1918), 187 Ind. 253, 118 N. E. 954, L. R. A. 1918D 688; *Lucas* v. *State* (1918), 187 Ind. 709, 121 N. E. 274.

1.

And we think that the court might reasonably infer that tires stolen from the warehouse used by a company in which to store its goods answered the description of being its property, within the meaning of the criminal law. §2061 Burns 1914, Acts 1905 p. 584, §190. *Edson* v. *State* (1897), 148 Ind. 283, 47 N. E. 625; *Griffiths* v. *State* (1904), 163 Ind. 555, 72 N. E. 563; *State* v. *Tillett* (1909), 173 Ind. 133, 89 N. E. 589, 20 Ann. Cas. 1262.

2.

An objection because of a mere variance in the description of the property stolen, to be available, must be taken at the time the evidence is offered. If appellant thought the state was offering proof that he stole other tires than those described in the indictment he should have interposed a seasonable objection during the trial in the criminal court, and in case of an adverse ruling should have assigned it as a reason for a new trial. *Kruger* v. *State* (1893), 135 Ind. 573, 35 N. E. 1019; *Bradley* v. *State* (1905), 165 Ind. 397, 402, 75 N. E. 873; *Miller* v. *State* (1905), 165 Ind. 566, 568, 76 N. E. 245.

3.

But if there be any variance in this case it is not of such a character as would mislead the defense or expose the defendant to the peril of being put twice in jeopardy for the same offense. *Oats* v. *State* (1899), 153 Ind. 436, 439, 55 N. E. 226.

4.

The judgment is affirmed.