## UNITED STATES v. MANN et al.
### Cr. No. 1692–53.

United States District Court
District of Columbia.

Feb. 11, 1954.

Leo A. Rover, U. S. Atty., William B. Bryant, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Landon G. Dowdy, Washington, D. C., for defendant Mann.

Joseph A. McMenamin, Washington, D. C., for defendant Jones.

Edmond T. Daly, Washington, D. C., for defendant Satterfield.

LAWS, Chief Judge.

Defendants, having been convicted of robbery, have moved for a new trial or judgment of acquittal, alleging fatal variance between the indictment, which charged the property taken was that of the complaining witness, and the proof, which by the prosecution's evidence was that the property was jointly owned with her husband, and by the testimony of the husband offered by the defense belonged to him.

 By robbery as defined by the statute, D.C.Code, § 22–2901, which is silent as to the ownership of the property taken, is meant robbery in the usual common-law term as expanded to include sudden or stealthy seizure or snatching. Neufield v. United States, 1941, 73 App.D.C. 174, 118 F.2d 375, certiorari denied Ruben v. United States, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199. Although robbery at common law is a species of aggravated larceny, the gist of the offense is a crime against the person, as larceny is an offense against the possession. Neufield v. United States, supra. Although it may be necessary that the ownership of the property be alleged in the indictment, United States v. McNemara, 1812, 26 Fed.Cas. page 1132, No. 15,701, 2 D.C. 45, 2 Cranch C.C. 45, this is to show the property was in some one else other than the accused, State v. Sawyer, 1944, 224 N.C. 61, 29 S.E.2d 34, and to describe the property taken, Lamb v. Commonwealth, 1937, 266 Ky. 561, 99 S.W.2d 441. Accordingly a variance between indictment and proof as to ownership of property in a robbery is not material so long as the offense is otherwise described with sufficient certainty to identify the act of robbery and to establish that the property was in the immediate actual possession of the person robbed. People v. Leach, 1948, 398 Ill. 515, 76 N.E.2d 425; State v. Fitzsimmons, 1936, 338 Mo. 230, 89 S.W.2d 670; Howell v. State, 1935, 26 Ala.App. 612, 164 So. 764; People v. Smith, 1926, 78 Cal.App. 68, 248 P. 261.

 The Court being of opinion that the verdict is not contrary to the weight of the evidence, and that upon the evidence a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion of defendants for a new trial or for judgment of acquittal will accordingly be denied.