## THE STATE OF IOWA v. MAY.

1. New trial: HEARSAY EVIDENCE. Where, on the trial of a criminal cause, declarations made by a third person as to the *corpus delicti*, not in the presence of the prisoner, were received as evidence, and the other evidence touching that point was not very full or satisfactory, a new trial was awarded.

2. Criminal law: LARCENY: INTOXICATING LIQUORS. It is not a good defense to an indictment for stealing intoxicating liquors, that the liquors stolen were being kept in violation of the law.

*Appeal from Clinton District Court.*

THURSDAY, JUNE 7.

THE facts are stated in the opinion.

*Wm. E. Leffingwell* for the appellant.

I. There is no evidence of the *corpus delicti* aside from the declaration of one West Smith, *not under oath*, and not in the presence of defendant.

II. The court erred in admitting the declarations of West Smith that the liquors had been stolen. West Smith was a witness who knew the fact if it existed, and he should have been called, but he was not, and no excuse is shown by the State why they did not call him. *Williams v. The East India Company*, 3 East, 192; *Commonwealth v. Kinison*, 4 Mass., 646; *Commonwealth v. Littlejohn*, 15 Id., 163; *Rex v. Yend*, 6 Carr. & P., 176; *Rex v. Fellows* (MSS.), cited in 2 Russ. on Crim., 122; *Turner v. State*, 5 Humph., 383; *Carey v. State*, 7 Id., 499.

III. There is no proof that liquors found on May's farm belonged to Forbes, or that they were ever taken from his store, or were ever there.

IV. If the liquors in Forbes' store "were kept there by him to be sold in violation of law, *i. e.*, to be sold by the glass, and to be drank on the premises," they were *contraband*, and were not property the taking of which would be larceny. *Plummer v. Harbut*, 5 Iowa, 308; *Funk & Hardman v. Israel*, Id., 439.

It is an elementary principle, that where trespass cannot be maintained an indictment for larceny will not lie.

*F. E. Bissell*, Attorney-General, for the State, as to the last point stated by counsel for the appellant, cited *The State of Ohio v. Starkey*, 6 Ohio, 266.

The State of Iowa v. May.

Lowe, Ch. J. — Timothy May was indicted for stealing ten gallons of gin, ten of wine, ten of brandy, and thirty gallons of whisky, of the aggregate value of ninety dollars, the property of one Hugh Forbes; was tried and convicted, which was followed by the sentence of the law upon him.

*1. New TRIAL: hearsay evidence.*

In appealing, his counsel objects, first, that the court, against the exceptions of the defendant, permitted a witness by the name of Jeremiah Shade to testify to the jury to the effect that one West Smith had said, that he, Smith, had been left in possession of the building, owned by Hugh Forbes, and that he, said Smith, claimed that at the time of the 17th of June, 1863, four kegs of liquor, to wit, one keg of gin, one keg of wine, one keg of brandy and one keg of whisky were stolen from the said building.

It is insisted that this evidence is objectionable on the score of hearsay, and should have been ruled out. Aside from these declarations of Smith, not made in the presence of the prisoner, the evidence as affecting the *corpus delicti* is not very full or satisfactory, and it is impossible for us to say how far this evidence may have influenced the jury in making up their verdict. Hence, we deem it best, under the circumstances, to award the accused a new trial for this cause.

There is still another question of evidence presented by the record, and in the argument of counsel, which, as the case goes back for a rehearing, should be settled by us.

*2. CRIMINAL LAW: larceny: intoxicating liquors.*

At the trial, the defendant, by his counsel, proposed to prove that the liquor in question was kept by Hugh Forbes, the alleged owner, in violation of law, and for the purpose of being retailed by the glass, to which the district attorney objected, and the objection was sustained, and exception thereto taken.

The competency of this testimony is urged upon the

ground that the liquors charged to have been stolen were outlawed by the statute, when held for the purpose which it was proposed to prove Forbes had them, and as such not entitled to legal protection; that to constitute larceny there must be a double intent to commit a trespass and to deprive the owner of his property; that trespass is one of the elements of the crime of larceny without which technically it cannot be committed; that under the statute a civil action in trespass for the wrongful taking of such property could not be maintained, and, therefore, it is argued that liquors kept for sale in violation of the law cannot be the subject of larceny, &c.

We admit the force of this reasoning, yet plausible as it seems in our judgment, it will not stand the test of scrutiny of principle or of ethics. If sound, then one offense will stand as a justification for the commission of another.

Larceny is a distinct crime from keeping liquors for sale contrary to the provisions of the statute; both, to be sure, are violations of law, but each has its own specific and appropriate penalty, and each must be dealt with by itself.

Although liquor as an article of traffic is prohibited, and is liable when kept as such, to be seized and destroyed, nevertheless, until this is done, it is in its essential nature property. It may at any time be withdrawn as an article of trade, and kept exclusively for private use. It is also confessedly property in the hands of him who keeps it alone for medicinal, mechanical or sacramental purposes. Besides, it is a principle or rule of property, as old as the common law itself, that the possession of one is good against all others, who cannot show a better right of possession.

Hence, he who steals a stolen article of property from a thief, may himself be convicted notwithstanding the criminality of the possession by his immediate predecessor in crime. 1 Hale, P. C., 507; *Ward* v. *The People*, 3 Hill,

309. In 2d Bishop's Criminal Law, section 690, it is held, that whatever is produced by wrong is the subject of larceny, the same as the products of right. Thus money received for intoxicating liquors, sold contrary to the inhibitions of a penal statute, may be stolen with the same consequence as any other money. This principle was ruled in the case of *The Commonwealth* v. *Rourk*, 10 Cush., 397. The same doctrine is substantially adopted and approved, 2 East P. C., 654; 2 Russell on Crime, 6 Am. ed., 89.

It is true that section 1571 of the Revision renders all contracts founded upon a liquor consideration void, and makes trespasses in relation thereto remediless by suit. But it seems to us to be illogical to hold that because this is so, that the stealing of liquor may not be criminally punished by indictment. It was competent for the legislature to ordain the former; it has not so ordained the latter.

The provisions of the above section are founded in wisdom. They were intended, as far as possible, to discourage breaches of the law; besides it is fundamental that courts of justice should not give their assistance for the enforcement of any contract or rights based upon an unlawful act.

Whilst, then, the action of trespass may wisely be withheld, to recover the lost rights of a guilty violator of law, we ask upon what ground of public policy will it be claimed that the crime of larceny should go unpunished in any case.

Trespass, at most, is but a wrong done to the rights of an individual. Larceny is a crime against society, and should be punished on account of its own inherent meanness and criminality, as well as on account of the less important rights of property.

Whilst, therefore, we hold that the court did not err in rejecting this testimony, prejudice, nevertheless, may have resulted to the defendant in receiving the secondary or

---

hearsay evidence of the witness *Shade*, and, therefore, we will remand the cause and award a new trial.

Reversed.