## OSBORNE v. STATE.

*(Knoxville.* December Term, 1903.)

**LARCENY.** A pistol may be the subject of.

Although a pistol may have no market value, its sale within the
State being prohibited by statute, it is valuable to the owner
and is, therefore, property which may be the subject of lar-
ceny.

Code cited:   Sec. 6650 (S.).

Cases cited: Rex v. Clark, 2 Leach, C. C., 1036; Com. v. Riggs,
14 Gray (Mass.), 376; Com. v. Lawless, 103 Mass., 425; Wolver-
ton v. Com., 75 Va., 909; State v. May, 20 Iowa, 305; Com. v.
Coffee, 9 Gray (Mass.), 139; Kreiter v. Nichols, 28 Mich., 496;
Bales v. State, 3 W. Va., 685.

FROM RUTHERFORD.

APPEAL in error from the Circuit Court of Rutherford
County.—JOHN E. RICHARDSON, Judge.

Z. T. CASON, for Osborne.

ATTORNEY-GENERAL CATES, for State.

MR. JUSTICE SHIELDS delivered the opinion of the
Court.

The plaintiff in error was indicted and convicted in the circuit court of Rutherford county of the offense of larceny. The property stolen is described in the indictment as "one pistol, of the value of fifteen dollars." The case is here by appeal in the nature of a writ of error, and the error assigned is the action of the trial judge in charging the jury that a pistol may be the subject of larceny in Tennessee.

The contention is that a pistol is not personal property and had no market value in this State, and therefore is not the subject of larceny. It is predicated upon the statute (Shannon's Code, sec. 6650) making it a misdemeanor for any person to sell or offer to sell, or bring into the State for the purpose of selling, giving away, or otherwise disposing of, pistols of any kind other than army or navy pistols.

This contention is not sound. The statute does not prohibit one from owning a pistol. The fact that the sale of pistols is prohibited does probably have the effect to prevent them from having a market value in Tennessee, but it does not destroy their actual value. The owner of a pistol, while he cannot carry or sell it in Tennessee, may keep it in his residence or place of business for his protection, or send it from the State for sale. While it appears from the proof that there is no market in Tennessee for pistols of the character of the one stolen, it also appears that this one is worth $15. It is not necessary that personal property have a market value in order to be the subject of larceny. It is

sufficient that it be valuable to the owner, and the extent of the value only affects the grade of the crime. *Rex* v. *Clark*, 2 Leach, C. C., 1036; *State* v. *Allen*, R. M. Charlt. (Ga.), 518; *Commonwealth* v. *Riggs*, 14 Gray (Mass.), 376, 77 Am. Dec., 333; *Commonwealth* v. *Lawless*, 103 Mass., 425; *Wolverton* v. *Commonwealth*, 75 Va., 909.

It is also well settled that a chattel kept for an unlawful purpose, such as intoxicating liquors kept for sale in violation of law, or gambling paraphernalia, the possession of which is prohibited, may be the subject of larceny. *State* v. *May*, 20 Iowa, 305; *Commonwealth* v. *Coffee*, 9 Gray (Mass.), 139; *Kreiter* v. *Nichols*, 28 Mich., 496; *Bales* v. *State*, 3 W. Va., 685.

There is no error in the judgment of the trial court, and it is affirmed.