4401.  AUGUST v. THE STATE.

POTTLE, J.  1. "Intoxicating liquor may be the subject-matter of larceny, though it is not the subject-matter of lawful sale." *Mance* v. *State*, 5 *Ga. App.* 229 (62 S. E. 1053).

2. Even if a place where intoxicating liquors are exclusively sold can not, under the existing law of this State, be a place of business, within the meaning of § 146 of the Penal Code of 1910, defining the offense of burglary, yet where it appears that articles which were the lawful subject-matter of sale were kept in the place of business in connection with intoxicating liquors, for the purpose of sale, a conviction of burglary is authorized if it be shown that the accused broke and entered such a place of business with intent to commit a larceny therefrom, either of the intoxicating liquors or of the other articles kept therein.

3. In this State principals in the first and second degrees are punished alike, and one indicted as principal in the first degree may be convicted upon evidence showing him to have been a principal in the second degree. It is, therefore, not error, in a proper case, to instruct the jury substantially that there is no practical distinction between principals in the first degree and principals in the second degree, and that if the State has shown, beyond a reasonable doubt, that the accused is guilty as a principal, in either the first or the second degree, a general verdict of guilty would be authorized. Nor was it error in the present case to charge specifically that the accused might be convicted if it appeared either that he actually broke and entered the place of business with intent to steal, or that he was present aiding and abetting some one else in the breaking and entering with like intent.

4. The following instruction was abstractly correct and warranted by the evidence: "The exclusive and unexplained possession of stolen property recently after a burglary, in the commission of which a theft was perpetrated, may raise a presumption of fact that the party in possession is the burglar, where the burglary has been established beyond a reasonable doubt; and the burden would be upon the person in whose recent possession the goods, if stolen, were found to explain such possession. It is a presumption arising out of fact, and is, therefore, a matter for the jury,—what would be recent possession is a matter for the jury, as is the satisfactoriness of the explanation. The presumption being one of fact, before it arises the State must have established the facts from which the inference is drawn, beyond a reasonable doubt; and whilst the burden is upon the defendant, if such facts have been established beyond a reasonable doubt, to explain the possession to the jury, such explanation may be drawn from any evidence in the case which demonstrates it, or from the statement of the defendant, if such statement satisfies the jury upon that point."

5. While the following instruction was somewhat argumentative, it will not be held to be reversible error: "You have no right to acquit the defendant simply because the prosecuting witness may have committed some infraction of the law of Georgia, not connected with this case. If the prosecuting witness himself has violated the law by selling liquor, or selling liquor to minors, he should be prosecuted and punished, but his infraction of the law is no excuse for any other citizen to break the

law of Georgia—if it has been shown that the law has been broken in this case by the defendant. This is not a case between the prosecutor and the defendant. It is a case between the State of Georgia—the people of Georgia—and the defendant."

6. It was not error to repel evidence that while the accused was in jail awaiting trial, a place of business adjoining that into which the accused was alleged to have broken and entered was broken and entered and valuable goods stolen therefrom.

7. The evidence warranted the verdict.          *Judgment affirmed.*

                        DECIDED NOVEMBER 12, 1912.

Indictment for burglary; from Chatham superior court—Judge Charlton. August 28, 1912.

*David S. Atkinson,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.