SMITH *v.* STATE OF INDIANA.

[No. 23,323.   Filed March 13, 1918.]

1. CRIMINAL LAW.—*Review.—Identity of Accused.—Conflicting Testimony.*—In a prosecution for larceny, where there was a sharp conflict in the evidence as to the identity of the defendant, the finding of the jury will not be disturbed.  p. 255.

2. LARCENY.—*Ownership of Property.—Necessity of Allegations. —Possession.*—Where the affidavit in a prosecution for larceny alleged a named person to be the owner of the property taken by the defendant, and the evidence showed such person to be in possession of the property as consignee, there was no variance or failure of proof.  p. 255.

3. LARCENY.—*Evidence.—Ownership.—Possession.*—In a prosecution for larceny, proof of possession of the property taken is sufficient proof of an allegation of ownership.  p. 255.

4. LARCENY.—*Property Subject of Larceny.—Gambling Devices.* —Property illegally held or used for gambling purposes may be the subject of larceny.  p. 256.

From the Lake Superior Court; *Virgil S. Reiter,* Judge.

Prosecution by the State of Indiana against Jess Smith. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Walter J. Lotz,* for appellant.

*Ele Stansbury,* Attorney-General, *Clyde Hunter, Elmer E. Hastings* and *Dale F. Stansbury,* for the state.

MYERS, J.—Appellant, in the Lake Superior Court, was charged by affidavit with the offense of grand larceny. He was tried by a jury, and a verdict was returned finding him guilty of petit larceny, and assessing his punishment at imprisonment in the county jail for thirty days, a fine of $25, and disfranchisement for one year. Appellant's motion for a new trial was overruled, and this ruling is here assigned as error. The only causes in support of the motion and not waived are: That the verdict is not sustained by sufficient evidence, and that it is contrary to law.

This case is submitted to us solely on the theory that the verdict is contrary to law upon two grounds: (1) Because the affidavit charges that one Samuel Blumenthal was the owner of the property in question, and the evidence shows that he was not the owner, nor did he have such interest in the property stolen as would constitute him a bailee within the purview of the grand larceny statute; (2) that the undisputed evidence shows that the property alleged to have been taken was a gambling device within the meaning of §2474 Burns 1914, Acts 1905 p. 718, and known as a punch board, and the alleged jewelry was given as prizes to persons who paid ten cents and punched a number calling for a prize, and that such property could not be the subject of larceny.

Briefly, there is evidence tending to show that on

September 27, 1916, one Samuel Blumenthal was engaged in the saloon business at Indiana Harbor, and in his place of business he had possession of and maintained a punch board and equipment belonging thereto, consisting of watches, razors, pocket knives, etc., on consignment from the Consumer's Cigar Company of Chicago, whereby any of such articles not given out as prizes in settlement for prize numbers were to be returned to the cigar company. The numbers were concealed in a hole in the board, some of which entitled the holder to a prize. The player by paying ten cents had the privilege of punching out a number which indicated the prize he was to receive, or nothing, as the case might be. There is also evidence tending to show that on

1. September 27, 1916, appellant walked into the saloon, displayed a constable's badge, demanded and received the punch board and its equipment from the bartender, and took them away with him. There is sharp conflict in the evidence over the identity of the person who took the equipment, but, in view of the evidence disclosed by the record on this subject, the finding of the jury will not be disturbed.

As to appellant's first contention, it is true that the affidavit charges that Blumenthal was the owner of the outfit alleged to have been taken by appellant,

2. and the evidence shows that he received the same on consignment, and was in possession of it at the time of its alleged unlawful taking. Under

3. the decisions of this court there was no variance or failure of proof. The evidence of possession is sufficient proof of ownership under the allegation of ownership in the present affidavit. *Edson* v. *State* (1897), 148 Ind. 283, 47 N. E. 625; *State* v. *Tillett* (1909), 173 Ind. 133, 89 N. E. 589, 140 Am. St. 246, 20 Ann. Cas. 1262; *State* v. *Bishop* (1887), 98 N. C. 773, 4 S. E. 357; *Adams* v. *State* (1883), 45 N. J. Law 448;

*People* v. *Miller* (1902), 169 N. Y. 339, 62 N. E. 418, 88 Am. St. 546, note 7a and b.

Appellant is in error as to his second proposition that property held and used for gambling purposes is not the subject of larceny. The decisions are uniform in holding that such property is the subject of larceny, as will be seen by reference to 25 Cyc 13, note 20. The text, which is supported by the cases cited in the note, announces the rule generally that "the fact that property is illegally held or used is immaterial on the question of whether it is a subject of larceny." One of the leading cases on this subject is *Commonwealth* v. *Rourke* (1852), 10 Cush. (Mass.) 397, 399. In that case it was said: "The law punishes larceny, because it is larceny; and, therefore, one may be convicted of theft, though he do but steal his own property, from himself or his bailee. 7 H. VI. 43a; 3 Co. Inst. 110. And the law punishes the larceny of property, not solely because of any rights of the proprietor, but also because of its own inherent legal rights as property; and, therefore, even he, who larceniously takes the stolen object from a thief whose hands have but just closed upon it, may himself be convicted therefor, in spite of the criminality of the possession of his immediate predecessor in crime. * * * Of the alternative moral and social evils, which is the greater,—to deprive property unlawfully acquired of all protection as such, and thus to discourage unlawful acquisition but encourage larceny; or to punish, and so discourage larceny, though at the possible risk of thus omitting so far forth to discourage unlawful acquisition? The balance of public policy, if we thus attempt to estimate the relative weight of alternative evils, requires, it seems to us, that the larceny should be punished." It has been held that larceny of gaming checks can be committed, although gaming is illegal (*Bales* v.

*State* [1868], 3 W. Va. 685) ; and that it is no defense
to an indictment for stealing intoxicating liquors that
the liquors stolen were kept for sale in violation of
law.   *State* v. *May* (1866), 20 Iowa 305; *State* v. *Sego*
(1913), 161 Iowa 71, 140 N. W. 802; *August* v. *State*
(1912), 11 Ga. App. 798, 76 S. E. 164.   In *Osborne* v.
*State* (1905), 115 Tenn. 717, 719, 92 S. W. 853, 5 Ann.
Cas. 797, it is held to be "well settled that a chattel
kept for an unlawful purpose, such as intoxicating
liquors kept for sale in violation of law, or gambling
paraphernalia, the possession of which is prohibited,
may be the subject of larceny."   See, also, *People* v.
*Ward* (1901), 134 Cal. 301, 309, 66 Pac. 372; *Common-
wealth* v. *Cooper* (1881), 130 Mass. 285; *Fears* v.
*State* (1897), 102 Ga. 274, 280, 29 S. E. 463; *Averill*
v. *Chadwick* (1891), 153 Mass. 171, 26 N. E. 441.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 954.   Larceny: (a) property
subject to, 88 Am. St. 586, 25 Cyc 12; (b) proof of possession,
sufficiency as proof of ownership, 25 Cyc 102, 125; property kept
for unlawful purpose as subject of larceny, 5 Ann. Cas. 798.