11911.　Brown *v.* The State.

Broyles, C. J.　1. There being in this State no practical distinction between principals in the first degree and principals in the second degree (*August* v. *State*, 11 *Ga. App.* 798, 76 S. E. 164; *Maughon* v. *State*, 9 *Ga. App.* 559, 71 S. E. 922), the court did not err in failing to instruct the jury upon the law in reference to the conviction of a principal in the second degree.

2. The alleged error in the charge of the court upon the law of murder is immaterial, since the defendant was convicted of the offense of voluntary manslaughter only. *McDonald* v. *State*, 23 *Ga. App.* 125 (97 S. E. 556).

3. In the absence of timely and appropriate written requests, the court did not err in failing to explain to the jury what constitutes a " conspiracy," and what constitutes " aiding and abetting."

4. The other excerpts from the charge of the court, excepted to, when considered in the light of the entire charge and the facts of the case, do not require a new trial.

5. The defendant and Otis Darnell were jointly indicted for murder, but were tried separately. Upon the defendant's trial the evidence authorized a finding that Darnell killed the deceased under circumstances that made the homicide either murder or voluntary manslaughter, and that the defendant was present at the killing and aided and abetted in the commission of the offense. The conviction of the defendant of voluntary manslaughter was therefore authorized (see in this connection *Maughon* v. *State,* supra), and, the finding of the jury having been approved by the judge, this court has no authority to reverse the judgment overruling the general ground of the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 25, 1921.

Conviction of manslaughter; from Hall superior court — Judge J. B. Jones. September 24, 1920.

*C. N. Davie, E. D. Kenyon, W. J. Phillips, Luther Roberts,* for plaintiff in error.

*J. G. Collins, solicitor-general, W. B. Sloan, Boyd Sloan,* contra.