## JOHN ARNER et al. v. STATE.

No. A-3513. Opinion Filed Feb. 12, 1921.
Rehearing Denied May 10, 1921.
(197 Pac. 710.)

(Syllabus.)

1. **Intoxicating Liquors—Personal Property Used—Effect of Statute.**
Section 3620, Revised Laws 1910, providing, "There shall be no property rights of any kind whatsoever in any liquors, vessels, appliances, fixtures, bars, furniture and implements, kept or used for the purpose of violating any provisions of this chapter" (prohibitory liquor laws), does not alter or change the

inherent character of such articles as personal property.

2.    **Same—Contraband Property.** A consideration of the state's prohibitory liquor laws discloses a legislative intent to provide that intoxicating liquors kept or used by a person for the purpose of violating said laws should be contraband property as between the state, its officers, and such persons.

3.    **Robbery—Intoxicating Liquor as Subject-Matter of Robbery.** Intoxicating liquor, possessing the inherent character of personal property, may be the subject-matter of robbery, irrespective of the purpose for which it is kept or used.

Appeal from District Court, Jefferson County; Jesse M. Hatchett, Assigned Judge.

John Arner and Elbert Sparkman were convicted of conjoint robbery, and they appeal. Affirmed.

Bridges & Vertrees, for plaintiffs in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Jefferson county, wherein plaintiffs in error, John Arner and Elbert Sparkman, hereinafter designated defendants, were on the 18th day of September, 1918, adjudged guilty of the crime of conjoint robbery, and sentenced to serve a term of seven years each in the state penitentiary. From this judgment they have appealed to this court.

Several assignments of error are relied upon for a reversal of this judgment. The assignments that the court erred in overruling the motion for a new trial, in not sustaining the demurrer to the information, in not sustaining the motion of defendants for a directed verdict of not guilty, in refusing to give requested instruction No. 1, in giving instruction No. 8, and that the verdict is not supported by sufficient evidence, all relate to one general proposition of law, and are grouped together in the brief of counsel representing defendants. Under these assignments of error, it is contended that the crime of robbery may not be committed by the taking of whisky from a person at a time and place, and under such circumstances, as would render the person from whom the

whisky was taken guilty of violating the prohibitory liquor laws, even though it be considered that all the elements essential to constitute the crime of robbery were present in the taking of the whisky.

The information jointly charged defendants and two others with having robbed one Oscar Leming, in Jefferson county, of five cases of whisky, of which the said Leming was then possessed, the same being the personal property of said Leming, by force and violence, and by pointing a pistol and a Winchester rifle at the person of the said Oscar Leming.

The evidence disclosed that the said Leming was to de- liver to some of these defendants the five cases of whisky for the sum and price of $65 per case, and that, by previous arrangement, the said Leming was to meet some of these de- fendants at the point where the robbery took place, and that these defendants conspired together to rob the said Leming of said whisky by means of force and violence, and putting him in fear, in the manner and form as alleged in the informa- tion. The evidence further disclosed that the said Leming had conveyed said whisky to the said point in violation of the prohibitory liquor laws of this state.

Section 3620, Revised Laws 1910, provides:

"There shall be no property rights of any kind what- soever, in any liquor, vessels, appliances, fixtures, bars, furni- ture and implements kept or used for the purpose of violating any provisions of this chapter."

Other provisions of the prohibitory liquor laws make it an offense to manufacture, sell, barter, or give away intoxi- cating liquors within this state, and also to convey the same from point to point within the state, and also to have the same in possession with intent to violate any of the provisions of the act. It is apparent, therefore, that the prosecuting witness was possessed of this intoxicating liquor in violation of the prohibitory liquor laws of this state.

The foregoing premises being conceded, counsel for these defendants strenuously contend that because the prosecuting witness under the statute had no property rights in the whisky of which he was admittedly robbed, that the crime of robbery was not committed; that if these defendants are guilty of any crime, it is of some other offense, such as pointing a weapon at another, which is a misdemeanor, and not of the felony of which they were convicted.

The argument advanced by counsel for defendants in support of these various assignments of error, and the contention made thereunder, is that, to constitute robbery there must be the taking of personal property from another by means of force or violence, and that the thing taken must be of some value. Therefore, it is contended that because the prosecuting witness had no property rights of any kind in the whisky of which he was possessed for the purpose of violating the prohibitory liquor laws, no property was taken from him, and therefore all the essential elements of the crime of robbery were not present in the taking of this whisky under the circumstances disclosed by the evidence.

We cannot agree with this contention. Section 3620, Revised Laws 1910, supra, does not have the effect of altering or changing the inherent character or nature of whisky as personal property. An entire consideration of the prohibitory liquor laws of this state discloses that the intent of the Legislature was to provide that intoxicating liquors possessed by a person for the purpose of violating any of the provisions of the prohibitory liquor laws should be contraband property as between the state, its officers, and such person; that a person unlawfully possessed of intoxicating liquors, etc., could not claim to have property rights in such articles in a proceeding brought by the state to confiscate them; not that the articles and things condemned, when unlawfully kept or used, were not property.

In the case of Tom Thomas v. State, 13 Okla. Cr. 414, 164 Pac. 995, which was a conviction for the crime of murder committed by defendant while engaged in the perpetration of a whisky robbery, the contention was made that defendant was not guilty of the crime of murder committed in the perpetration of a robbery, because whisky used in violation of the law was not the subject of robbery. In passing upon this contention, this court, in the body of the opinion said:

"The contention that because whisky is contraband property in this state, as against the state and its officers, others are entitled to rob and murder * * * to obtain possession of it from one who is using it unlawfully, is wholly without merit. Neither robbery nor murder may be justified or excused on such a ground."

In Mance v. State, 5 Ga. App. 229, 62 S. E. 1053, it is held:

"Intoxicating liquor may be the subject-matter of larceny, though it is not the subject-matter of lawful sale."

Also, in Smith v. State, 187 Ind. 253, 118 N. E. 954, L. R. A. 1918D, 688, it is held:

"Although property is illegally held and used for gambling purposes, in violation of Burns' Ann. St. § 2474, it is nevertheless a subject of larceny."

In the body of the opinion it is said:

"Appellant is in error as to his second proposition that property held and used for gambling purposes is not the subject of larceny. The decisions are uniform in holding that such property is the subject of larceny, as will be seen by reference to 25 Cyc. 13, note 20. The text, which is supported by the cases cited in the note, announces the rule generally that:

" 'The fact that property is illegally held or used is immaterial on the question of whether it is a subject of larceny.' One of the leading cases on this subject is Commonwealth v.

Rourke, 10 Cush. (Mass.) 397, 399. In that case it was said: 'The law punishes larceny because it is larceny; and therefore one may be convicted of theft, though he do but steal his own property from himself or his bailee. 7 H. VI. 43a; 3 Co. Inst. 110. And the law punishes the larceny of property, * * * because of its own inherent legal rights as property; and therefore even he who larcenously takes the stolen object from a thief whose hands have but just closed upon it may himself be convicted therefor in spite of the criminality of the possession of his immediate predecessor in crime. Of the alternative moral and social evils, which is the greater, to deprive property unlawfully acquired of all protection as such, and thus to discourage unlawful acquisition, but encourage larceny, or to punish, and so discourage larceny, though at the possible risk of thus omitting so far forth to discourage unlawful acquisition? The balance of public policy, if we thus attempt to estimate the relative weight of alternative evils, requires, it seems to us, that the larceny should be punished.'

"It has been held that larceny of gaming checks can be committed, although gaming is illegel (Bales v. State, 3 W. Va. 685), and that it is no defense to an indictment for stealing intoxicating liquors that the liquors stolen were kept for sale in violation of law (State v. May, 20 Iowa, 305; State v. Sego, 161 Iowa, 71, 140 N. W. 802; August v. State, 11 Ga. App. 798, 76 S. E. 164).

"In Osborne v. State, 115 Tenn. 717, 719, 92 S. W. 853, 5 Ann. Cas. 797, it is held to be 'well settled that a chattel kept for an unlawful purpose, such as intoxicating liquors kept for sale in violation of law, or gambling paraphernalia, the possession of which is prohibited, may be the subject of larceny.' See, also, People v. Ward, 134 Cal, 301, 309, 66 Pac. 372; Commonwealth v. Cooper, 130 Mass. 285; Fears v. State, 102 Ga. 274, 280, 29 S. E. 463; Averill v. Chadwick, 153 Mass. 171, 26 N. E. 441."

The conclusion is reached, therefore, that the pertinent inquiry is whether or not the chattel or thing taken is personal property, and not whether the possessor from whom it was taken was holding the same in violation of the laws of this state.

Independent of the question of whether Leming was unlawfully possessed of the whisky, the whisky itself had all the characteristics of personal property. It was personal property, and as such was the subject of larceny and of robbery, whether possessed lawfully or unlawfully, and this is true although the state, through its lawfully constituted officers, could seize (and destroy the same) from one unlawfully possessing it.

That said property was of some value is clearly disclosed by the evidence. In fact, no contention is made that the whisky taken was without value. Counsel rely solely, to sustain their contention, upon the proposition that the prosecuting witness had no property rights in it.

It is not the policy of the law to encourage culpable defenses to criminal actions. It is the duty of this court to so construe the criminal laws of this state as to effectuate their purposes and give force and effect to the evident legislative intent. It is the business of the state, through its duly constituted peace officers to bring such action as the law prescribes against contraband property and its users, and it is not the privilege of highwaymen to hold up at the point of a gun the possessors of contraband property and take it away from them by force, nor did the Legislature so intend by merely providing that such possessor should have no property rights in the property when unlawfully kept. Ample provision of law is made for the confiscation and taking of such contraband personal property, and it must be taken in the manner prescribed.

The contention of counsel for defendants confounds matters necessary to be distinguished. The effect of their contention is to urge the right of the state to extinguish property rights in contraband things, such as whisky, as a defense to criminal conduct resorted to by them to obtain possession of the contraband property, with intent to make the same unlawful use of

it against the state which they assert as a defense to its taking. The fallacy of this contention is apparent—a lawful right of the sovereign people is urged to sustain the unlawful conduct of the individual. The right of the state to seize and confiscate intoxicating liquor, when unlawfully possessed, through proper court action, does not include the right of the individual to confiscate such property at the point of a gun.

The alleged error of the trial court in refusing to give a requested instruction is without merit. An examination of the instructions given discloses that the substance of the matter contained in the requested instruction was covered in the general charge. The following instruction was given, over the exception of defendants:

"The fact that the property taken was whisky, and was unlawfully in the possession of Oscar Leming, and was being transported by him in violation of the law of this state, does not make the act of robbery, if it was committed, any less a crime."

It necessarily follows from that heretofore stated to be the law of this case that the giving of the foregoing instruction was not error.

For reasons stated, the judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.