## LEE v. STATE.

No. 27440. Sept. 28, 1937.

Hickman & Ungerman and Harry Seaton, for plaintiff in error.

Dixie Gilmer, Co. Atty., and John F. Conway, Asst. Co. Atty., for defendant in error.

OSBORN, C. J. This is an appeal from a judgment and order of the court of common pleas of Tulsa county directing the confiscation and destruction of a quantity of intoxicating liquor held by the sheriff of Tulsa county.

It appears that a search warrant was issued by the court of common pleas of Tulsa county directing the search of a certain tourist camp for intoxicating liquors. The warrant was delivered to the county officers and a search of the premises was made. The return discloses that the officers took possession of "1,500 pints and 100 quarts (approximately) of assorted liquors; one four-wheel trailer and one Winchester pump gun." An application was made to the court of common pleas for an order confiscating all of said property. Chester Lee, the owner of said property, hereinafter referred to as appellant, filed a plea in in-

tervention in said proceeding wherein he alleged that the court was without jurisdiction of the property above described for the reason that the search warrant was illegal and void and that he was entitled to a return of the property. A hearing was had and the court directed the return of the trailer and shotgun to appellant, but directed the confiscation and destruction of the intoxicating liquors. From said order this appeal was taken.

Section 2645, O. S. 1931, provides:

"There shall be no property rights of any kind whatsoever, in any liquors, vessels, appliances, fixtures, bars, furniture and implements kept or used for the purpose of violating any provision of this chapter."

In the case of Arner v. State, 19 Okla. Cr. 23, 197 P. 710, it was said:

"An entire consideration of the prohibitory liquor laws of this state discloses that the intent of the Legislature was to provide that intoxicating liquors possessed by a person for the purpose of violating any of the provisions of the prohibitory liquor laws should be contraband property as between the state, its officers, and such person; that a person unlawfully possessed of intoxicating liquors, etc., could not claim to have property rights in such articles in a proceeding brought by the state to confiscate them; not that the articles and things condemned, when unlawfully kept or used, were not property."

In the case of Rozanski v. State, 106 Ohio St. 442, 140 N. E. 370, it was said:

"Only one further question remains to be discussed, viz., whether in any case where liquors have been seized, whether lawfully or unlawfully, whether by virtue of a search warrant or not, and if by virtue of a search warrant, whether the process has been regular or not, the person from whom such liquors have been taken have a right to demand the return of the liquors before trial, and whether the liquors can under such circumstances be admitted as evidence on the part of the state.

"Section 6212-16, General Code, provides that:

" 'It shall be unlawful to have or possess any liquor, or property designed for the manufacture of liquor, intended for use in violation of law or which has been so used, and no property rights shall exist in any such liquor or property.'

"It will therefore be seen that the possession constitutes the offense, and placing the contraband property back into the possession of the accused would have the effect of rendering him again guilty of an offense. * * *

"The courts of many of the states of the Union have had occasion to deal with this exact question, and in more than a score of states it has been emphatically declared that intoxicating liquors, stolen property, gambling paraphernalia, burglar's tools, narcotic drugs, counterfeiting devices, lottery tickets, and other kinds and classes of contraband property, the mere possession of which constitutes an unlawful act, may not be ordered returned, even though such property has been taken without lawful process from persons accused of crime; and in only three or four states has a contrary rule been declared. * * * In those states where a contrary rule has been declared it appears that they have attempted to follow an erroneous interpretation of certain decisions of the Supreme Court of the United States. Before proceeding to a discussion of those cases it should be remarked that almost uniformly the United States District Courts and the United States Courts of Appeals have declared that such property may not be returned and have pointed out the true distinction between ordering the return of lawful property and that class of property which has been declared contraband, the mere possession of which constitutes an offense."

Appellant has cited a number of federal cases and state cases from other jurisdictions. In none of these cases was there involved a statutory provision and a state of facts similar to that presented here. In the light of our statutory provision, the above-cited authorities are determinative and controlling.

In the instant case it is unnecessary to determine whether the search warrant was valid or invalid, for in no event would appellant be entitled to a return of the intoxicating liquors.

The judgment is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.