**Donald L. SAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A02–9304–CR–168.**

Court of Appeals of Indiana,
Second District.

Nov. 1, 1993.

Geoffrey A. Rivers, Muncie, for appellant-defendant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Donald L. Say claims his conviction of burglary, a class B felony, is not supported by the evidence because the object of the intended theft was marijuana. Say argues, "There can NOT be a Theft in this case because (1) contraband is not 'personal property'; (2) contraband can not be 'property of another'; and (3) contraband has no legal value." Appellant's Brief at 13 (emphasis in original). Say also claims the State failed to prove the value of the marijuana.

■ Property is defined in IC 35–41–1–23 (1988) as "anything of value." The fact is that marijuana is bought and sold daily and hence has value, although its possession is unlawful. Thus, marijuana constitutes property which, when taken, "deprive[s] the other person of its ... value or use." In addition, in *Smith v. State* (1918), 187 Ind. 253, 256, 118 N.E. 954, 955, our supreme court rejected a similar argument

regarding property illegally held and used for gambling purposes, and adopted the general rule that property illegally held or used can be the subject of a larceny.

> Of the alternative moral and social evils, which is the greater, to deprive property unlawfully acquired of all protection as such, and thus to discourage unlawful acquisition but encourage larceny, or to punish, and so discourage larceny, though at the possible risk of thus omitting so far forth to discourage unlawful acquisition? The balance of public policy, if we thus attempt to estimate the relative weight of alternative evils, requires, it seems to us, that the larceny should be punished.

*Id.* (quoting *Commonwealth v. Rourke* (1852), 10 Cush. (Mass.) 397, 399).

■ There is no requirement that the evidence establish that the item which is the subject of the intended theft have any particular or specific value; it need only have some value. *Brant v. State* (1989), Ind.App., 535 N.E.2d 189, 190. There is such evidence in Say's statement to Officer Mace that he was "breaking into [the home of Rex Nash] to steal marijuana ... to get even with [Nash]." Record at 132. Necessarily an item must have some value in order that stealing it would serve to "get even" with its possessor.

Judgment affirmed.

SULLIVAN and MILLER, JJ., concurs.