## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 17 2019, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael L. Gillam,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 17, 2019

Court of Appeals Case No.
19A-CR-106

Appeal from the Elkhart Superior Court

The Honorable Stephen R. Bowers, Judge

Trial Court Cause No.
20D02-1801-CM-221

**Pyle, Judge.**

Michael Gillam ("Gillam") appeals his conviction for Class A misdemeanor theft.[1] Gillam argues that the evidence is insufficient to support his conviction. Concluding that the evidence is sufficient, we affirm his theft conviction.

We affirm.

# Issue

Whether sufficient evidence supports Gillam's conviction.

# Facts

On November 19, 2017, Gillam was shopping in a Walmart store in Elkhart County, Indiana. Walmart's Loss Prevention Officer, Nina Ottman ("Ottman"), observed Gillam pushing a shopping cart in the store. Gillam, who had a heater in his cart, quickly walked to the electronics department, took a Wi-Fi antenna off the store shelf, placed it in his cart, left the electronics department, and walked with his cart to the front of the grocery side of the store. Gillam then took the heater out of his cart, leaving his cart and the Wi-Fi antenna, and walked to the self-scan registers on the general merchandise side of the store. He went up to one of the self-scan registers, paid cash for the heater, put the heater in a bag, and walked back to his cart containing the Wi-Fi antenna. Gillam then put the bag in the cart atop the Wi-Fi antenna and pushed the cart past all points of sale and exited the store. Thereafter, Ottman

---

[1] IND. CODE § 35-43-4-2. We note that our legislature amended this statute in the recent 2019 session; however, that recent amendment does not affect this appeal.

and an assistant manager stopped Gillam, and Ottman told him that she "needed to talk to him about the item that he had not purchased." (Tr. Vol. 2 at 37). Gillam admitted to Ottman that "he didn't purchase the wifi antenna." (Tr. Vol. 2 at 37).

[4] The State charged Gillam with Class A misdemeanor theft. The trial court held a one-day jury trial in December 2018. During the trial, Ottman testified to the facts above. Ottman also testified that the Wi-Fi antenna was worth either $62.00 or $69.00 and that Gillam did not have permission from Walmart to take the Wi-Fi antenna without paying for it. Additionally, the State also introduced into evidence: (1) a photograph of the Wi-Fi antenna box; and (2) two store surveillance videos, one which showed Gillam paying for the heater at the self-scan register and the other which showed Gillam exiting the store with the unpurchased Wi-Fi antenna in his cart. The jury found Gillam guilty as charged. The trial court imposed a one (1) year sentence for Gillam's theft conviction. Gillam now appeals.

## Decision

[5] Gillam argues that the evidence was insufficient to support his theft conviction. Our standard of review for a sufficiency of the evidence claim is well-settled.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure,

> when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original).

[6]     The theft statute, INDIANA CODE § 35-43-4-2, provides that "[a] person who knowingly or intentionally exerts unauthorized control over the property of another person, with intent to deprive the other person of any part of its value or use[.]" I.C. § 35-43-4-2(a). To convict Gilliam of Class A misdemeanor theft as charged, the State was required to prove beyond a reasonable doubt that Gillam knowingly exerted unauthorized control over Walmart's property with intent to deprive Walmart of any part of the property's use or value. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). Intent may be established by circumstantial evidence and inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points. *Long v. State*, 935 N.E.2d 194, 197 (Ind. Ct. App. 2010), *trans. denied*.

Gillam contends that the State failed to present evidence that he knowingly exerted unauthorized control over the Wi-Fi antenna. He also suggests that the evidence was insufficient to show the ownership or value of the Wi-Fi antenna.

Gillam's arguments amount to nothing more than a request to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146. Here, the State presented eyewitness testimony from Ottman who saw Gillam stealing the property. The evidence at the jury trial showed that Gillam went into the Walmart store and put a heater and a Wi-Fi antenna in his cart. Thereafter, Gillam walked to the front of the store and removed the heater from the cart, temporarily leaving the cart and the Wi-Fi antenna. After paying for the heater at a self-scan register and placing it in a bag, he returned to the cart and the unpurchased Wi-Fi antenna, placed the heater bag atop the Wi-Fi antenna thereby concealing it, and exited the Walmart store. Additionally, State's Exhibit 1, the photo of the Wi-Fi antenna box, which was introduced into evidence without objection, contained a barcode sticker, and Ottman testified that the Wi-Fi antenna was worth either $62.00 or $69.00. Furthermore, Ottman testified that Gillam did not have permission from Walmart to take the Wi-Fi antenna without paying for it. The evidence presented at trial supports the jury's determination that Gillam knowingly exerted unauthorized control

over Walmart's property with intent to deprive Walmart of any part of the property's use or value. Accordingly, we affirm Gillam's theft conviction.[2]

Affirmed.

Riley, J., and Bailey, J., concur.

---

[2] We reject Gillam's suggestion that the State was required to prove beyond a reasonable doubt that the Wi-Fi antenna had a specific value. He contends that the evidence was insufficient because "no receipt was admitted into evidence verifying the value of the wifi antenna." (Gillam's Br. 10). Aside from the irony of Gillam's argument that the State should introduce evidence of a receipt from a stolen item, we note that the theft statute "does not require that the property [that is the subject of an intended theft] have any particular value or that a specific value be proven." *Breaston v. State*, 893 N.E.2d 6, 18 (Ind. Ct. App. 2008), *trans. granted on other grounds and summarily aff'd on remaining issues*, 907 N.E.2d 992 (Ind. 2009). *See also Say v. State*, 623 N.E.2d 427, 428 (Ind. Ct. App. 1993); *Brant v. State*, 535 N.E.2d 189, 190 (Ind. Ct. App. 1989), *trans. denied*.